UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIETER M. FINCH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-3676 |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| HEALTH SCIENCE CENTER | § | |
| HOUSTON | § | |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE:**

Defendant the University of Texas Health Science Center Houston (UTHSCH) hereby files its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and respectfully shows the Court the following:

**I.
INTRODUCTION AND PLAINTIFF'S ALLEGATIONS**

Plaintiff, Dieter M. Finch, filed this action UTHSCH alleging race, national origin, and age discrimination under Title VII to the Civil Rights Act of 1964, as amended ("Title VII"). (Clerk's Doc. 1, ¶ 6). Finch's only allegation of discrimination is:

> "111 unanswered job applications during the last 2 years, plus a bogus interview resulting in mostly age and nationality related questions after which the job posting was cancelled. (Clerk's Doc. 1, ¶ 7).

Finch makes no allegations as to what positions he allegedly applied for, what his qualifications were for that those positions, who was actually hired for the position, or the alleged discriminatory basis for any specific purported unanswered application. Accordingly, Finch's claims should be dismissed on the following grounds:

1. Pursuant to Fed. R. Civ. P. 12(b)(1), Finch's age discrimination claims against the UTHSCH are barred by Eleventh Amendment immunity and should be dismissed;

2. Pursuant to Fed. R. Civ. P. 12(b)(6), Finch has failed to state a claim for race and national origin discrimination under Title VII as he has plead no facts from which the Court could plausibly infer that he was subjected to discrimination on those protected bases.

## II.
## 12(B)(1) MOTION TO DISMISS

### A. Standard of Review - Fed. R. Civ. P. 12(B)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). *Eleventh Amendment* immunity operates as a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state. *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002); *Skelton v. Camp*, 234 F.3d 292, 295-96 (5th Cir. 2000).

B. **The Court lacks jurisdiction to determine Finch's age discrimination claims because age discrimination must be brought pursuant to the ADEA, not Title VII, and *Eleventh Amendment* Immunity bars ADEA claims against state entities.**

UHSCSH is an institution of the State of Texas and therefore enjoys complete immunity from suit in federal court pursuant to the *Eleventh Amendment*. *See* Tex. Educ. Code § 73.052; *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Accordingly, this court lacks jurisdiction to adjudicate any claims made directly against it unless UTHSCSH's immunity has been expressly waived or abrogated. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986) ("Eleventh Amendment . . . bars suits in federal court by citizens of a state against their own state *or a state agency or department*") (emphasis added); *see also Ky. v. Graham*, 473 U.S. 159, 168 (U.S. 1985).

Although Finch pleads a claim of age discrimination pursuant to Title VII, the Supreme Court has recognized that Congress chose not to include age within discrimination forbidden by Title VII of the Civil Rights Act of 1964, § 715, 78 Stat. 265. *Gen. Dynamics Land Sys. v. Cline*, 540 U.S. 581, 586 (2004). Thus, Title VII does not abrogate UTHSCH's *Eleventh Amendment* immunity for claims of age discrimination. Similarly, even if Finch's complaint is construed to state a claim for age discrimination under the ADEA, the Supreme Court has expressly held that the ADEA is not a valid abrogation of the states' sovereign immunity and does not waive immunity for suits against the state in federal court. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). Nor has the State of Texas consented to suits under the ADEA. *See e.g., Univ. of Texas v. Matney*, 280 S.W.3d 882, 884-85 (Tex.App.—Dallas 2009, no pet.). Accordingly, as neither Title VII nor the ADEA waive immunity for claims of age discrimination against a state entity such at UTHSCH, this Court lacks subject matter jurisdiction to consider the merits of Finch's claims of age discrimination and should dismiss the same pursuant to Fed. R. Civ. P.

12(b)(1).

## III.

## 12(B)(6) MOTION TO DISMISS

A. **Standard of Review – Fed. R. Civ. P. 12(B)(6)**.

In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (*quoting Twombly*, 544 U.S. at 555). It is insufficient, then, to plead facts that are merely consistent with wrongful conduct, plaintiffs must instead plead facts that plausibly suggest that the pleader is actually entitled to relief. *Twombly,* 550 U.S. at 556-57 (the pleading must contain something more than a state of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true).

Complaints of pro-se litigants are held to less stringent standards than formal pleadings drafted by lawyers, however "[e]ven a liberally construed pro se civil rights complaint . . . must

set forth facts giving rise to a claim on which relief may be granted." *Mendoza v. Strickland*, 414 Fed. Appx. 616, 618 (5th Cir. 2011) (not for publication), citing *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Thus, the Fifth Circuit has recognized that pro-se complaints are not excepted from the legal requirement to plead enough facts to state a claim to relief that is plausible on its face. *Champion v. United States*, 421 Fed. Appx. 418, 423 (5th Cir. 2011) (not for publication), citing *Bustos v. Martini Club Inc.,* 599 F.3d 458, 461-62 (5th Cir. 2010).

    **B. Finch's complaint fails to plead a plausible claim to relief because he fails to plead sufficient facts for this Court to plausibly infer that UTHSCH discriminated against him in violation of Title VII.**

To state a claim for race or national origin discrimination under Title VII, Plaintiffs must allege facts sufficient to allow the Court to reasonably infer Walker must show that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) that he was treated less favorably because he was a member of the protected class than were other similarly situated employees who were not members of the protected class. *Lee v. Kan. City S. Ry. Co.,* 574 F.3d 253, 259 (5th Cir. 2009). Although a plaintiff is not required to plead a prima facie case of discrimination in the motion to dismiss context, no party is exempt from the obligation to allege sufficient facts to state all the elements of their claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *but see Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009). Dismissal is proper where a plaintiff's complaint lacks an allegation regarding a required element necessary to obtain relief. *See Escuadra v. GeoVera Specialty Ins. Co.*, 739 F.Supp.2d 967, 977 (E.D. Tex. 2010) *citing Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009).

Here, Finch's complaint wholly fails to plead facts sufficient for this Court to plausibly infer that UTHSCH discriminated against him. As a threshold matter, Finch's complaint

contains no facts from which the Court could infer that he was a member of a protected class. Furthermore, Finch fails to identify the particular positions for which he allegedly applied or plead any facts from which the Court could infer he was qualified for any of the same.[1]  Finch's complaint similarly fails to plead any facts from which the Court could infer that another candidate from outside of Finch's (unstated) protected class was treated more favorably than Finch.  Simply put, Finch has failed to plead anything beyond the fact that he completed 111 job applications, but was not hired.  Even accepting that allegation as true, Finch's pleaded facts are entirely consistent with a candidate who was not hired for his legitimate lack of qualifications for the position, and does nothing more than speculate as to the existence of any discrimination (of which there was none in this case).  Such speculation, even from a pro-se plaintiff, fails to state a plausible claim of Title VII discrimination upon which relief may be granted.  *Twombly*, 550 U.S. 555, *et seq*; *Champion*, 421 Fed. Appx. at 423.

Likewise, Finch's allegation that he was asked "age and nationality" related questions in a job interview, while potentially consistent with discrimination if accepted as true (and it is not), does not plausibly suggest that UTHSCH actually discriminated against him.  *Twombly,* 550 U.S. at 556-57 (Plaintiff cannot satisfy his burden of pleading a plausible claim by pleading facts that are merely consistent with wrongful conduct).  Again, Finch alleges no facts, direct or circumstantial, indicating that UTHSCH based any determination not to hire him on the basis of any of his responses to the alleged interview questions, rather than his lack of qualifications for the position.  Neither has Finch allege that the other candidates interviewed were not asked the same alleged questions nor that they were treated disparately based on their membership in a

---

[1] Further, as Finch fails to identify what protection he is alleging, i.e., age under the ADEA or race and national origin under Title VII, it is impossible for this Court to identify which claims are barred under the ADEA and which might be actionable if properly plead under Title VII.

another protected class. Indeed, Finch admits that no other candidate was hired over him, but rather that the particular job requisition was canceled. (Doc. 1, ¶ 7). Thus, Finch has plead no factual substance from which this Court could plausibly believe that Finch was treated less favorably than a candidate from another race or national origin.

As a pro-se litigant, Finch is entitled to a liberal construction of the facts he alleges, however, he is not entitled to omit altogether *any* facts from which the Court could plausibly infer liability. *Champion*, 421 Fed. Appx. at 423. As he has failed to plead such facts, he has not stated a claim upon which relief may be awarded, and this suit should be dismissed. Fed. R. Civ. P. 12(b)(6).

## IV.
## CONCLUSION

As Finch's claims for age discrimination are barred by the State's *Eleventh Amendment* immunity, and as Finch has otherwise failed to state a claim for race and national origin discrimination under Title VII, Defendant UTHSCH respectfully request that this Court dismiss Finch's suit in its entirety.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Director of Defense Litigation

**JAMES "BEAU" ECCLES**
Chief, General Litigation Division

/s/ Gunnar P. Seaquist
**GUNNAR P. SEAQUIST**

                                       Texas Bar No: 24043358
                                       Southern District No. 1140733
                                       Assistant Attorney General
                                       General Litigation Division
                                       P.O. Box 12548, Capitol Station
                                       Austin, Texas 78711-2548
                                       (512) 475-4093
                                       (512) 320-0667 FAX
                                       Gunnar.seaquist@texasattorneygeneral.gov

                                       ATTORNEYS FOR DEFENDANT
                                       UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER HOUSTON

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing instrument has been filed via CM/EDF electronic filing and U.S. First Class Mail on this the 25th day of February, 2013, to:

Dieter M. Finch
2400 Old South Dr.
Richmond, TX 77406

Plaintiff *pro-se*

                                       /s/ Gunnar P. Seaquist
                                       **Gunnar P. Seaquist**
                                       *Assistant Attorney General*